IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KHARIDJA N., <br><br>             Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, <br><br>             Defendant. | 4:21CV3139 <br><br> **MEMORANDUM AND ORDER** |

    While not entirely clear (Filing 1, Complaint), it appears that Plaintiff, who is proceeding pro se, is challenging the Social Security Administration's ("SSA") decision to recoup its overpayment of benefits. Because Plaintiff's request for review of the Administrative Law Judge's ("ALJ") decision finding Plaintiff liable for $2,854.00 in overpayment of benefits is still pending before the SSA Appeals Council, Plaintiff has failed to exhaust her administrative remedies prior to proceeding in federal district court. Accordingly, the court must grant the Defendant's Motion to Dismiss (Filing 13) this matter without prejudice for lack of subject-matter jurisdiction.

## PROCEDURAL POSTURE

    The Defendant has filed a Motion to Dismiss (Filing 13) for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), an index of evidence (Filing 14), and a supporting brief (Filing 15). Plaintiff has filed a variety of miscellaneous paperwork in response. (Filings 20-22.)

Where a party brings a "factual attack" on jurisdiction, as is the case here[1], "a district court may look outside the pleadings to affidavits or other documents." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018); *see also Akpovi v. Douglas*, No. 8:20-CV-268, 2021 WL 1222233, at *4 (D. Neb. Apr. 1, 2021) (in determining Fed. R. Civ. P. 12(b)(1) motion, court would consider proof submitted in index extrinsic to complaint). "[T]he party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Moss*, 895 F.3d at 1097.

## FACTS

1.  Under direct delegation from the Commissioner of Social Security, the Office of Hearings Operations administers a nationwide hearings program and a nationwide appeals program. (Filing 14-1, Cowell Decl. ¶ 1.)

2.  The Office of Hearings Operations includes the Administrative Law Judges ("ALJs") who hold hearings on claims arising under Title II of the Social Security Act, as amended, when such hearing is duly requested by a claimant who is dissatisfied with the administrative determination of a claim. (Filing 14-1, Cowell Decl. ¶ 1.)

3.  The Office of Appellate Operations includes the Appeals Council, which reviews claims when a claimant is dissatisfied with the decision rendered by an ALJ. The Office of Appellate Operations also provides professional and technical advice to the Deputy Commissioner and Administrative Appeals Judges of the

---

[1] In a "facial attack," Plaintiff's allegations are accepted as true and all reasonable inferences are construed in the plaintiff's favor. Further, the court considers only the material necessarily embraced by the pleadings and exhibits attached to the complaint. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). Here, the Defendant expressly states that it "does not admit the truth of [Plaintiff's] allegations." (Filing 15, Br. Supp. Mot. Dismiss at CM/ECF p. 1.)

Appeals Council in the processing of cases in which a civil action has been filed. (Filing 14-1, Cowell Decl. ¶ 1.)

4. One function of the Appeals Council is to act on requests for review of hearing decisions made by ALJs and to either grant, deny, or dismiss such requests. (Filing 14-1, Cowell Decl. ¶ 2.)

5. On July 25, 2017, the SSA issued a notice informing Plaintiff that she had been overpaid Title II benefits from May 1, 2017, to July 1, 2017. (Filing 14-1, Cowell Decl., Ex. 1, p. 4.)

6. The overpayment occurred due to duplicate check negotiations. (Filing 14-1, Cowell Decl., Ex. 1, p. 4.)

7. On September 21, 2017, Plaintiff filed a request for reconsideration, disputing the facts and the amount of the overpayment. (Filing 14-1, Cowell Decl., Ex. 1, p. 4.)

8. Plaintiff's reconsideration request was denied on March 19, 2019. (Filing 14-1, Cowell Decl., Ex. 1, p. 4.)

9. Plaintiff filed a written request for a hearing on March 22, 2019. (Filing 14-1, Cowell Decl., Ex. 1, p. 4.)

10. On June 6, 2019, the SSA notified Plaintiff that it had received her request to withhold a different amount, and that she would receive a set amount of benefits until the SSA responded to her request. (Filing 1, Complaint at p. 4.)

11. On June 7, 2019, the SSA notified Plaintiff that she had been overpaid by the agency and that the SSA would withhold $105.00 from her monthly retirement benefits to recoup the overpayment. (Filing 1, Complaint at p. 6.)

12. On October 3, 2019, an ALJ held a hearing in Little Rock, Arkansas, where Plaintiff testified with assistance from a Certified Arkansas Sign Language Interpreter. (Filing 14-1, Cowell Decl., Ex 1, p. 4.)

13. On November 29, 2019, an ALJ issued an unfavorable decision finding a total overpayment by the SSA to Plaintiff in the amount of $2,854.00 and concluding that Plaintiff was liable for repayment of $2,854.00 for the period from May 1, 2017, to July 1, 2017. (Filing 14-1, Cowell Decl. ¶ 3(a) & Ex. 1.)

14. On or about January 2, 2020, Plaintiff filed a request for review of the ALJ's hearing decision to the Appeals Council. (Filing 14-1, Cowell Decl. ¶ 3(b).)

15. A June 20, 2020, SSA notice indicated that Plaintiff had been overpaid from December 2018 through June 5, 2020. (Filing 1, Complaint at p. 8.) The notice indicates that Plaintiff had asked to repay her overpayment balance by having money withheld from her monthly retirement benefits. (Filing 1, Complaint at p. 9.) The SSA informed Plaintiff of her right to appeal the decision about the overpayment. (Filing 1, Complaint at p. 9.)

16. On or about April 25, 2021, Plaintiff filed a complaint in the United States Court of Appeals for the Federal Circuit. (Filing 2-4.)

17. On July 14, 2021, the United States Court of Appeals for the Federal Circuit ordered the case be transferred to the United States District Court for the District of Nebraska because it did not have jurisdiction over appeals concerning SAA benefits decisions.[2] (Filing 2-8.)

---

[2] While the SSA argued that the Court of Appeals for the Federal Circuit should not transfer the case to this district because such a transfer could occur only when the transferee court would have had jurisdiction when the case was filed, 28 U.S.C. § 1631, and this district would not have jurisdiction due to Plaintiff's failure to exhaust her administrative remedies, the Federal Circuit "deem[ed] it the better

18.     On July 19, 2021, the case was docketed in the United States District Court for the District of Nebraska. (Filing 1, Complaint.)

19.     As of August 5, 2021, the Appeals Council has not issued a decision on Plaintiff's request for review. (Filing 14-1, Cowell Decl. ¶ 3(b)).

## DISCUSSION

Judicial review of an alleged overpayment of Social Security benefits may only occur when a claimant (1) shows there has been a "final decision" of the Commissioner made after a hearing; (2) brings a civil action within 60 days after mailing of the notice of the Commissioner's decision, or within such time as the Commissioner may allow, and (3) files the action in an appropriate district court, which is generally that of the claimant's residence or principal place of business. 42 U.S.C. § 405(g).

In order to obtain a judicially reviewable "final decision," a claimant must complete a multi-step administrative review process. 20 C.F.R. § 404.900(a)(1)-(5) (administrative review process consists of (1) initial determination; (2) reconsideration; (3) hearing before ALJ; (4) Appeals Council review; (5) federal court review); *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988) (summarizing administrative process).

"In order for the district court to have subject matter jurisdiction under section 405(g), a claimant must have presented a claim for benefits to the Secretary and exhausted the administrative remedies prescribed by the Secretary." *Schoolcraft v. Sullivan*, 971 F.2d 81, 84-85 (8th Cir. 1992). If a plaintiff fails to present a claim to the Commissioner, the federal court is divested of jurisdiction entirely. *Sipp v.*

---

course to transfer the case for the district court to determine whether any failure to exhaust administrative remedies precludes its review." (Filing 2-8 at CM/ECF p. 2.)

*Astrue*, 641 F.3d 975, 980 (8th Cir. 2011). Here, Plaintiff has met the presentment requirement by submitting a request on January 2, 2020, for Appeals Council review of the ALJ's 2019 decision.

"Courts cannot waive the jurisdictional presentment requirement, but may, in exceptional circumstances, waive the exhaustion of administrative remedies requirement." *Degnan v. Burwell*, 765 F.3d 805, 808 (8th Cir. 2014).[3] To waive the exhaustion requirement, a claimant must show: "(1) their claims are collateral to their claim of benefits; (2) that irreparable injury will follow [compliance with the exhaustion requirement]; and (3) that exhaustion would otherwise be futile." *Schoolcraft*, 971 F.2d at 84-85; *see also Degnan*, 765 F.3d at 808. Plaintiff has made no such showing in this case. Further, it is clear that Plaintiff's claim specifically concerns receipt of benefits and cannot be characterized as "collateral" to a claim for benefits. *Degnan*, 765 F.3d at 809 (when plaintiff has failed to establish the first of the exhaustion-waiver requirements, court need not consider the remaining two; affirming dismissal for lack of subject-matter jurisdiction when claimants conceded they failed to exhaust administrative remedies, but waiver of exhaustion was not appropriate).

Here, Plaintiff has completed the fourth step of the administrative review process by submitting a request for Appeals Council review of the ALJ's decision. However, she has failed to complete the last step of the process because the evidence before the court indicates that Plaintiff's request for review is still pending with the Appeals Council, and Plaintiff fails to show otherwise. Plaintiff may only seek judicial review when the Appeals Council denies Plaintiff's request for review or

---

[3] "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Degnan*, 765 F.3d at 808 (internal quotation marks and citation omitted).

grants her request for review and issues a decision, after which Plaintiff must file an action in federal district court within 60 days after receiving notice of the Appeals Council's action. *See* 20 C.F.R. §§ 404.981, 422.210(a) & (c).

Because the SSA's overpayment decision has not made its way through the complete administrative review process, there is no "final decision" that would form a basis for judicial review at this time. *Sipp*, 641 F.3d at 981 (district court lacked jurisdiction to consider claimant's challenge to Commissioner's overpayment determination when there was no judicially reviewable "final decision" under section 405(g)); *London v. Saul*, No. 5:19-CV-300, 2019 WL 6615186, at *1 (E.D. Ark. Dec. 5, 2019), *report and recommendation adopted,* No. 5:19-CV-300, 2019 WL 7342494 (E.D. Ark. Dec. 30, 2019) (dismissing case for lack of subject-matter jurisdiction when claimant's request for review was still pending before Appeals Council, so there was no final decision subject to judicial review). Accordingly, this matter must be dismissed for lack of subject-matter jurisdiction.

IT IS ORDERED:

1. Defendant's Motion to Dismiss (Filing 13) this matter without prejudice for lack of subject-matter jurisdiction is granted;

2. Judgment will be entered by separate document.

DATED this 6th day of December, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge